1  belief that their wattles were covered by a registered patent, or (4) showed callous indifference to the

2  truth that their wattles were not covered by any registered patent after plaintiff gave them repeated

3  notices of this truth starting on March 12, 2004.

4      256.    Plaintiff is informed and believes and thereon alleges that each day or week in which

5  defendants falsely advertised in the International Erosion Control Association Web site's list of "2006

6  annual conference exhibitors" in 2005 as "Patented" an *un*patented wattle constituted a separate offense

7  or violation of 35 U.S.C. § 292.  Plaintiff is further informed and believes and thereon alleges that the

8  average visits per month to such Web site was approximately 60,000 in 2005.

9

10                     **FIFTIETH CLAIM FOR RELIEF**
                        Violation of 35 U.S.C. § 292
11               By All Defendants falsely advertising wattles in
         **International Erosion Control Association's *Membership Directory* in 2005**
12
       257.    Plaintiff incorporates here allegations made in paragraphs 1-10 above.
13
       258.    Plaintiff is informed and believes and thereon alleges that in 2005 defendants advertised
14
15  in the International Erosion Control Association's *Membership Directory* that their wattles were

   "Patented."
16
       259.    Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that
17
18  defendants advertised in the International Erosion Control Association's *Membership Directory* in 2005

   were not patented.
19
       260.    Plaintiff is informed and believes and thereon alleges that defendants advertised in the
20
   International Erosion Control Association's *Membership Directory* in 2005 *un*patented wattles with the
21
   intent to deceive the public into believing that such wattles were patented, in that defendants either (1)
22
   knew their wattles were not covered by any registered patent, or (2) lacked a reasonable belief that their
23
   wattles were covered by a registered patent, or (3) had an unreasonable belief that their wattles were
24
   covered by a registered patent, or (4) showed callous indifference to the truth that their wattles were not
25
   covered by any registered patent after plaintiff gave them repeated notices of this truth starting on March
26
   12, 2004.
27
       261.    Plaintiff is informed and believes and thereon alleges that each day or week in which
28

1  defendants falsely advertised in the International Erosion Control Association's *Membership Directory*

2  in 2005 as "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. §

3  292. Plaintiff is further informed and believes and thereon alleges that each time such directory was

4  published, defendants' advertisement was delivered to more than approximately 2,200 readers in 52

5  countries, and that such directory was published approximately once in 2005.

6

7  ### FIFTY FIRST CLAIM FOR RELIEF
Violation of 35 U.S.C. § 292
8  **By All Defendants falsely advertising wattles in *Land and Water* magazines in 2005**

9  262.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

10  263.   Plaintiff is informed and believes and thereon alleges that in 2005 defendants advertised

11  in *Land and Water* magazines that their wattles were "Patented."

12  264.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that

13  defendants advertised in *Land and Water* magazines in 2005 were not patented.

14  265.   Plaintiff is informed and believes and thereon alleges that defendants advertised in *Land*

15  *and Water* magazines in 2005 *un*patented wattles with the intent to deceive the public into believing that

16  such wattles were patented, in that defendants either (1) knew their wattles were not covered by any

17  registered patent, or (2) lacked a reasonable belief that their wattles were covered by a registered patent,

18  or (3) had an unreasonable belief that their wattles were covered by a registered patent, or (4) showed

19  callous indifference to the truth that their wattles were not covered by any registered patent after plaintiff

20  gave them repeated notices of this truth starting on March 12, 2004.

21  266.   Plaintiff is informed and believes and thereon alleges that each day or week in which

22  defendants falsely advertised in *Land and Water* magazines in 2005 as "Patented" an *un*patented wattle

23  constituted a separate offense or violation of 35 U.S.C. § 292. Plaintiff is further informed and believes

24  and thereon alleges that each time such magazine was published containing such advertisement,

25  defendants' advertisement was delivered to more than approximately 30,000 readers, such magazines

26  were also distributed at a number of trade shows, an average of 3.58 people read each copy of such

27  magazine for a total readership of approximately 107,400 each time such magazine was published, and

28  that such magazine was published approximately six times in 2005.

**FIFTY SECOND CLAIM FOR RELIEF**
Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in *Reclamation Matters* magazines in 2005**

267.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

268.   Plaintiff is informed and believes and thereon alleges that in 2005 defendants advertised in *Reclamation Matters* magazines that their wattles were "Patented."

269.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that defendants advertised in *Reclamation Matters* magazines in 2005 were not patented.

270.   Plaintiff is informed and believes and thereon alleges that defendants advertised in *Reclamation Matters* magazines in 2005 *un*patented wattles with the intent to deceive the public into believing that such wattles were patented, in that defendants either (1) knew their wattles were not covered by any registered patent, or (2) lacked a reasonable belief that their wattles were covered by a registered patent, or (3) had an unreasonable belief that their wattles were covered by a registered patent, or (4) showed callous indifference to the truth that their wattles were not covered by any registered patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

271.   Plaintiff is informed and believes and thereon alleges that each day or week in which defendants falsely advertised in *Reclamation Matters* magazines in 2005 as "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292. Plaintiff is further informed and believes and thereon alleges that each time such magazine was published containing such advertisement, defendants' advertisement was delivered to more than approximately 370 readers, and that such magazine was published approximately twice in 2005.

**FIFTY THIRD CLAIM FOR RELIEF**
Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in**
***Soil Erosion & Hydroseeding* magazines in 2005**

272.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

273.   Plaintiff is informed and believes and thereon alleges that in 2005 defendants advertised in *Soil Erosion & Hydroseeding* magazines that their wattles were "Patented."

274.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that

1   defendants advertised in *Soil Erosion & Hydroseeding* magazines in 2005 were not patented.

2     275.   Plaintiff is informed and believes and thereon alleges that defendants advertised in *Soil*

3 *Erosion & Hydroseeding* magazines in 2005 *un*patented wattles with the intent to deceive the public into

4 believing that such wattles were patented, in that defendants either (1) knew their wattles were not

5 covered by any registered patent, or (2) lacked a reasonable belief that their wattles were covered by a

6 registered patent, or (3) had an unreasonable belief that their wattles were covered by a registered patent,

7 or (4) showed callous indifference to the truth that their wattles were not covered by any registered

8 patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

9     276.   Plaintiff is informed and believes and thereon alleges that in 2005 each day or week in

10 which defendants falsely advertised in *Soil Erosion & Hydroseeding* magazines as "Patented" an

11 *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292. Plaintiff is further

12 informed and believes and thereon alleges that each time such magazine was published containing such

13 advertisement, defendants' advertisement was delivered to more than approximately 41,000 readers, and

14 that such magazine was published every other month, or approximately six times in 2005.

15

16                   **FIFTY FOURTH CLAIM FOR RELIEF**
                           Violation of 35 U.S.C. § 292

17      **By All Defendants falsely advertising wattles in *Stormwater* magazines in 2005**

18     277.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

19     278.   Plaintiff is informed and believes and thereon alleges that in 2005 defendants advertised

20 in *Stormwater* magazines that their wattles were "Patented."

21     279.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that

22 defendants advertised in *Stormwater* magazines in 2005 were not patented.

23     280.   Plaintiff is informed and believes and thereon alleges that defendants advertised in

24 *Stormwater* magazines in 2005 *un*patented wattles with the intent to deceive the public into believing

25 that such wattles were patented, in that defendants either (1) knew their wattles were not covered by any

26 registered patent, or (2) lacked a reasonable belief that their wattles were covered by a registered patent,

27 or (3) had an unreasonable belief that their wattles were covered by a registered patent, or (4) showed

28 callous indifference to the truth that their wattles were not covered by any registered patent after plaintiff

1   gave them repeated notices of this truth starting on March 12, 2004.

2          281.   Plaintiff is informed and believes and thereon alleges that in 2005 each day or week in

3   which defendants falsely advertised in *Stormwater* magazines in 2005 as "Patented" an *un*patented

4   wattle constituted a separate offense or violation of 35 U.S.C. § 292.  Plaintiff is further informed and

5   believes and thereon alleges that each time such magazine was published containing such advertisement,

6   defendants' advertisement was delivered to more than approximately 21,000 subscribers, such

7   magazines were also distributed at a number of trade shows, an average of 2.3 people read each copy

8   of such magazine for a total readership of approximately 50,931 each time such magazine was published,

9   and that such magazine was published approximately seven times in 2005.

10

11                                              **<u>2006</u>**

12

13                              **<u>FIFTY FIFTH CLAIM FOR RELIEF</u>**
                                     **Violation of 35 U.S.C. § 292**
14              **By All Defendants falsely marking/labeling their wattles in 2006**

15          282.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

16          283.   Plaintiff is informed and believes and thereon alleges that in 2006 defendants included

17   on labels, affixed to their wattles, a mark stating that such wattles were "Patented."

18          284.   Plaintiff is informed and believes and thereon alleges that the wattles to which defendants

19   affixed the "Patented" marks in 2006 were not patented.

20          285.   Plaintiff is informed and believes and thereon alleges that defendants marked in 2006

21   *un*patented wattles with the intent to deceive the public into believing that such wattles were patented,

22   in that defendants either (1) knew their wattles were not covered by any registered patent, or (2) lacked

23   a reasonable belief that their wattles were covered by a registered patent, or (3) had an unreasonable

24   belief that their wattles were covered by a registered patent, or (4) showed callous indifference to the

25   truth that their wattles were not covered by any registered patent after plaintiff gave them repeated

26   notices of this truth starting on March 12, 2004.

27          286.   Plaintiff is informed and believes and thereon alleges that in 2006 each instance, day, or

28   week in which defendants falsely marked as "Patented" an *un*patented wattle constituted a separate

1    offense or violation of 35 U.S.C. § 292.

2

3    ### FIFTY SIXTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
4    **By All Defendants falsely advertising wattles on**
**the home page of their earth-savers.com Web site on the Internet in 2006**
5

6    287.    Plaintiff incorporates here allegations made in paragraphs 1-10 above.

7    288.    Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised

on the home page of their earth-savers.com Web site on the Internet that their wattles were "Patented."
8

9    289.    Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that

defendants advertised on the home page of their earth-savers.com Web site on the Internet in 2006 were
10

not patented.
11

12    290.    Plaintiff is informed and believes and thereon alleges that defendants advertised on the

home page of their earth-savers.com Web site on the Internet in 2006 *un*patented wattles with the intent
13

to deceive the public into believing that such wattles were patented, in that defendants either (1) knew
14

their wattles were not covered by any registered patent, or (2) lacked a reasonable belief that their wattles
15

were covered by a registered patent, or (3) had an unreasonable belief that their wattles were covered
16

by a registered patent, or (4) showed callous indifference to the truth that their wattles were not covered
17

by any registered patent after plaintiff gave them repeated notices of this truth starting on March 12,
18

2004.
19

20    291.    Plaintiff is informed and believes and thereon alleges that in 2006 each day or week in

which defendants falsely advertised on the home page of their earth-savers.com Web site on the Internet
21

as "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292.
22

23    ### FIFTY SEVENTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
24    **By All Defendants falsely advertising wattles in**
**their earth-savers.com Web site on the Internet in 2006**
25

26    292.    Plaintiff incorporates here allegations made in paragraphs 1-10 and 28 above.

27    293.    Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised

28    in their earth-savers.com Web site on the Internet that their wattles were "Patented."    Plaintiff is

1 informed and believes and thereon alleges that defendants' advertisement identified the applicable patent

2 as being the '985 patent.

3    294.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that

4 defendants advertised in their earth-savers.com Web site on the Internet in 2006 were not patented under

5 the '985 patent or any other patent.

6    295.   Plaintiff is informed and believes and thereon alleges that defendants advertised in their

7 earth-savers.com Web site on the Internet in 2006 *un*patented wattles with the intent to deceive the

8 public into believing that such wattles were patented, in that defendants either (1) knew their wattles

9 were not covered by any registered patent, or (2) lacked a reasonable belief that their wattles were

10 covered by a registered patent, or (3) had an unreasonable belief that their wattles were covered by a

11 registered patent, or (4) showed callous indifference to the truth that their wattles were not covered by

12 any registered patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

13    296.   Plaintiff is informed and believes and thereon alleges that in 2006 each day or week in

14 which defendants falsely advertised in their earth-savers.com Web site on the Internet as "Patented" an

15 *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292.

16

17    **FIFTY EIGHTH CLAIM FOR RELIEF**
    Violation of 35 U.S.C. § 292
18    **By All Defendants falsely advertising wattles
    in a movie at their earth-savers.com Web site on the Internet in 2006**
19

20    297.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

21    298.   Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised

22 in a movie at their earth-savers.com Web site on the Internet that their wattles were "Patented."

23    299.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that

24 defendants advertised in a movie at their earth-savers.com Web site on the Internet in 2006 were not

25 patented.

26    300.   Plaintiff is informed and believes and thereon alleges that defendants advertised in a

27 movie at their earth-savers.com Web site on the Internet in 2006 *un*patented wattles with the intent to

28 deceive the public into believing that such wattles were patented, in that defendants either (1) knew their

1  wattles were not covered by any registered patent, or (2) lacked a reasonable belief that their wattles

2  were covered by a registered patent, or (3) had an unreasonable belief that their wattles were covered

3  by a registered patent, or (4) showed callous indifference to the truth that their wattles were not covered

4  by any registered patent after plaintiff gave them repeated notices of this truth starting on March 12,

5  2004.

6       301.    Plaintiff is informed and believes and thereon alleges that in 2006 each day or week in

7  which defendants falsely advertised in a movie at their earth-savers.com Web site on the Internet as

8  "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292.

9

10                            **FIFTY NINTH CLAIM FOR RELIEF**
                                Violation of 35 U.S.C. § 292

11       **By All Defendants falsely advertising wattles in *Erosion Control* magazines in 2006**

12       302.    Plaintiff incorporates here allegations made in paragraphs 1-10 above.

13       303.    Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised

14  in *Erosion Control* magazines that their wattles were "Patented."

15       304.    Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that

16  defendants advertised in *Erosion Control* magazines in 2006 were not patented.

17       305.    Plaintiff is informed and believes and thereon alleges that defendants advertised in

18  *Erosion Control* magazines in 2006 *un*patented wattles with the intent to deceive the public into

19  believing that such wattles were patented, in that defendants either (1) knew their wattles were not

20  covered by any registered patent, or (2) lacked a reasonable belief that their wattles were covered by a

21  registered patent, or (3) had an unreasonable belief that their wattles were covered by a registered patent,

22  or (4) showed callous indifference to the truth that their wattles were not covered by any registered

23  patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

24       306.    Plaintiff is informed and believes and thereon alleges that each day or week in which

25  defendants falsely advertised in *Erosion Control* magazines in 2006 as "Patented" an *un*patented wattle

26  constituted a separate offense or violation of 35 U.S.C. § 292.  Plaintiff is further informed and believes

27  and thereon alleges that each time such magazine was published containing such advertisement,

28  defendants' advertisement was delivered to more than approximately 23,000 readers, and that such

magazine was published approximately seven times in 2006.

## SIXTIETH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles in
### International Erosion Control Association's *News To Use* magazines in 2006

307.    Plaintiff incorporates here allegations made in paragraphs 1-10 above.

308.    Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised in the International Erosion Control Association's *News To Use* magazines that their wattles were "Patented."

309.    Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that defendants advertised in the International Erosion Control Association's *News To Use* magazines in 2006 were not patented.

310.    Plaintiff is informed and believes and thereon alleges that defendants advertised in the International Erosion Control Association's *News To Use* magazines in 2006 *un*patented wattles with the intent to deceive the public into believing that such wattles were patented, in that defendants either (1) knew their wattles were not covered by any registered patent, or (2) lacked a reasonable belief that their wattles were covered by a registered patent, or (3) had an unreasonable belief that their wattles were covered by a registered patent, or (4) showed callous indifference to the truth that their wattles were not covered by any registered patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

311.    Plaintiff is informed and believes and thereon alleges that each day or week in which defendants falsely advertised in International Erosion Control Association's *News To Use* magazines in 2006 as "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292. Plaintiff is further informed and believes and thereon alleges that each time such magazine was published containing such advertisement, defendants' advertisement was delivered to more than approximately 3,200 readers in 52 countries, and that such magazine was published approximately one time in 2006.

## SIXTY FIRST CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles in
### International Erosion Control Association Web site's rotating banner in 2006

312.    Plaintiff incorporates here allegations made in paragraphs 1-10 above.

313.    Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised in the International Erosion Control Association Web site's rotating banner that their wattles were "Patented."

314.    Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that defendants advertised in the International Erosion Control Association Web site's rotating banner in 2006 were not patented.

315.    Plaintiff is informed and believes and thereon alleges that defendants advertised in the International Erosion Control Association Web site's rotating banner in 2006 *un*patented wattles with the intent to deceive the public into believing that such wattles were patented, in that defendants either (1) knew their wattles were not covered by any registered patent, or (2) lacked a reasonable belief that their wattles were covered by a registered patent, or (3) had an unreasonable belief that their wattles were covered by a registered patent, or (4) showed callous indifference to the truth that their wattles were not covered by any registered patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

316.    Plaintiff is informed and believes and thereon alleges that each day or week in which defendants falsely advertised in the International Erosion Control Association Web site's rotating banner in 2006 as "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292. Plaintiff is further informed and believes and thereon alleges that such banner was posted in six or twelve month intervals, that such banner appeared at the top half of such Web site and on every page, that all banners including defendants' rotated each time a page was viewed by a different user, and that the average visits per month to such Web site was approximately 60,000 in 2006.

///

///

///

## SIXTY SECOND CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in**
**International Erosion Control Association Web site's**
**list of "2006 annual conference exhibitors" in 2006**

317.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

318.   Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised in the International Erosion Control Association Web site's list of "2006 annual conference exhibitors" that their wattles were "Patented."

319.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that defendants advertised in the International Erosion Control Association Web site's list of "2006 annual conference exhibitors" in 2006 were not patented.

320.   Plaintiff is informed and believes and thereon alleges that defendants advertised in the International Erosion Control Association Web site's list of "2006 annual conference exhibitors" in 2006 *un*patented wattles with the intent to deceive the public into believing that such wattles were patented, in that defendants either (1) knew their wattles were not covered by any registered patent, or (2) lacked a reasonable belief that their wattles were covered by a registered patent, or (3) had an unreasonable belief that their wattles were covered by a registered patent, or (4) showed callous indifference to the truth that their wattles were not covered by any registered patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

321.   Plaintiff is informed and believes and thereon alleges that each day or week in which defendants falsely advertised in the International Erosion Control Association Web site's list of "2006 annual conference exhibitors" in 2006 as "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292.  Plaintiff is further informed and believes and thereon alleges that the average visits per month to such Web site was approximately 60,000 in 2006.

## SIXTY THIRD CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in *Land and Water's* Web site in 2006**

322.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

323.   Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised

1  in *Land and Water's* Web site that their wattles were "Patented."

2  324.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that

3  defendants advertised in *Land and Water's* Web site in 2006 were not patented.

4  325.   Plaintiff is informed and believes and thereon alleges that defendants advertised in *Land*

5  *and Water's* Web site in 2006 *un*patented wattles with the intent to deceive the public into believing that

6  such wattles were patented, in that defendants either (1) knew their wattles were not covered by any

7  registered patent, or (2) lacked a reasonable belief that their wattles were covered by a registered patent,

8  or (3) had an unreasonable belief that their wattles were covered by a registered patent, or (4) showed

9  callous indifference to the truth that their wattles were not covered by any registered patent after plaintiff

10  gave them repeated notices of this truth starting on March 12, 2004.

11  326.   Plaintiff is informed and believes and thereon alleges that each day or week in which

12  defendants falsely advertised in *Land and Water's* Web site in 2006 as "Patented" an *un*patented wattle

13  constituted a separate offense or violation of 35 U.S.C. § 292.

14

15  ### SIXTY FOURTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**

16  **By All Defendants falsely advertising wattles in *Reclamation Matters* magazines in 2006**

17  327.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

18  328.   Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised

19  in *Reclamation Matters* magazines that their wattles were "Patented."

20  329.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that

21  defendants advertised in *Reclamation Matters* magazines in 2006 were not patented.

22  330.   Plaintiff is informed and believes and thereon alleges that defendants advertised in

23  *Reclamation Matters* magazines in 2006 *un*patented wattles with the intent to deceive the public into

24  believing that such wattles were patented, in that defendants either (1) knew their wattles were not

25  covered by any registered patent, or (2) lacked a reasonable belief that their wattles were covered by a

26  registered patent, or (3) had an unreasonable belief that their wattles were covered by a registered patent,

27  or (4) showed callous indifference to the truth that their wattles were not covered by any registered

28  patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

331.    Plaintiff is informed and believes and thereon alleges that each day or week in which defendants falsely advertised in *Reclamation Matters* magazines in 2006 as "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292. Plaintiff is further informed and believes and thereon alleges that each time such magazine was published containing such advertisement, defendants' advertisement was delivered to more than approximately 370 readers, and that such magazine was published approximately twice in 2006.

## SIXTY FIFTH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles in
### *Soil Erosion & Hydroseeding* magazines in 2006

332.    Plaintiff incorporates here allegations made in paragraphs 1-10 above.

333.    Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised in *Soil Erosion & Hydroseeding* magazines that their wattles were "Patented."

334.    Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that defendants advertised in *Soil Erosion & Hydroseeding* magazines in 2006 were not patented.

335.    Plaintiff is informed and believes and thereon alleges that defendants advertised in *Soil Erosion & Hydroseeding* magazines in 2006 *un*patented wattles with the intent to deceive the public into believing that such wattles were patented, in that defendants either (1) knew their wattles were not covered by any registered patent, or (2) lacked a reasonable belief that their wattles were covered by a registered patent, or (3) had an unreasonable belief that their wattles were covered by a registered patent, or (4) showed callous indifference to the truth that their wattles were not covered by any registered patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

336.    Plaintiff is informed and believes and thereon alleges that in 2006 each day or week in which defendants falsely advertised in *Soil Erosion & Hydroseeding* magazines as "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292. Plaintiff is further informed and believes and thereon alleges that each time such magazine was published containing such advertisement, defendants' advertisement was delivered to more than approximately 41,000 readers, and that such magazine was published every other month, or approximately six times in 2006.

## SIXTY SIXTH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in *Stormwater* magazines in 2006**

337.   Plaintiff incorporates here allegations made in paragraphs 1-10 above.

338.   Plaintiff is informed and believes and thereon alleges that in 2006 defendants advertised in *Stormwater* magazines that their wattles were "Patented."

339.   Plaintiff is informed and believes and thereon alleges that the "Patented" wattles that defendants advertised in *Stormwater* magazines in 2006 were not patented.

340.   Plaintiff is informed and believes and thereon alleges that defendants advertised in *Stormwater* magazines in 2006 *un*patented wattles with the intent to deceive the public into believing that such wattles were patented, in that defendants either (1) knew their wattles were not covered by any registered patent, or (2) lacked a reasonable belief that their wattles were covered by a registered patent, or (3) had an unreasonable belief that their wattles were covered by a registered patent, or (4) showed callous indifference to the truth that their wattles were not covered by any registered patent after plaintiff gave them repeated notices of this truth starting on March 12, 2004.

341.   Plaintiff is informed and believes and thereon alleges that in 2006 each day or week in which defendants falsely advertised in *Stormwater* magazines in 2006 as "Patented" an *un*patented wattle constituted a separate offense or violation of 35 U.S.C. § 292. Plaintiff is further informed and believes and thereon alleges that each time such magazine was published containing such advertisement, defendants' advertisement was delivered to more than approximately 21,000 subscribers, such magazines were also distributed at a number of trade shows, an average of 2.3 people read each copy of such magazine for a total readership of approximately 50,931 each time such magazine was published, and that such magazine was published approximately eight times in 2006.

///
///
///
///
///

1

## PRAYER FOR RELIEF

2        Plaintiff asks for judgment against defendants, and each of them, as follows:

3

## 2002

4

5

## FIRST CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
6        **By All Defendants falsely marking/labeling their wattles in 2002**

7        1.      Defendants, jointly and severally, "Shall be fined not more than $500 for every such

8    offense" (35 U.S.C. § 292(a)) of falsely marking *un*patented wattles in 2002, "in which event one half

9    shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.

10   § 292(b)). The fine to be imposed should be calculated by determining the net profits that defendants

11   earned by committing *every* such offense. Accordingly, plaintiff asks that the fine be limited to a sum

12   that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff

13   and the people of the United States of America, of all income illegally earned on defendants' sales of

14   its falsely marked *un*patented wattles in 2002, less costs of manufacturing and falsely marking them, and

15   less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other

16   taxing authorities.  To the extent that every offense is measured by every sale of every such falsely

17   marked *un*patented wattle in 2002, the retail sale price of which was under $500, such fine will be *less*

18   *than $500* for *every* such offense.

19

## SECOND CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
20   **By All Defendants falsely advertising wattles on**
**the home page of their earth-savers.com Web site on the Internet in 2002**
21

22       2.      Defendants, jointly and severally, "Shall be fined not more than $500 for every such

     offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles on the home page of their earth-
23
     savers.com Web site on the Internet in 2002, "in which event one half shall go to the person suing
24
     [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be
25
     imposed should be calculated by determining the net profits that defendants earned by committing *every*
26
     such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*
27
     such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United
28

---

1   States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

2   wattles in 2002, less costs of manufacturing and falsely advertising them, and less all applicable taxes

3   due and paid, or still owed, by defendants on them to the United States and other taxing authorities.  To

4   the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

5   in 2002, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

6   offense.

### THIRD CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles on
the home page of their ricewattles.com Web site on the Internet in 2002**

7
8
9

10       3.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

11   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles on the home page of their

12   ricewattles.com Web site on the Internet in 2002, "in which event one half shall go to the person suing

13   [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be

14   imposed should be calculated by determining the net profits that defendants earned by committing *every*

15   such offense.  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

16   such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

17   States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

18   wattles in 2002, less costs of manufacturing and falsely advertising them, and less all applicable taxes

19   due and paid, or still owed, by defendants on them to the United States and other taxing authorities.  To

20   the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

21   in 2002, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

22   offense.

### FOURTH CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in
their earth-savers.com Web site on the Internet in 2002**

23
24

25       4.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

26   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in their earth-savers.com Web

27   site on the Internet in 2002, "in which event one half shall go to the person suing [namely plaintiff] and

28   the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be

---

1  calculated by determining the net profits that defendants earned by committing *every* such offense.

2  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in

3  effect results in a disgorgement by defendants, to plaintiff and the people of the United States of

4  America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles

5  in 2002, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and

6  paid, or still owed, by defendants on them to the United States and other taxing authorities.  To the

7  extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

8  in 2002, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

9  offense.

## FIFTH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles in
### their ricewattles.com Web site on the Internet in 2002

12    5.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

13  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in their ricewattles.com Web site

14  on the Internet in 2002, "in which event one half shall go to the person suing [namely plaintiff] and the

15  other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated

16  by determining the net profits that defendants earned by committing *every* such offense.  Accordingly,

17  plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results

18  in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all

19  income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2002, less

20  costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still

21  owed, by defendants on them to the United States and other taxing authorities.  To the extent that every

22  offense is measured by every sale of every such falsely advertised *un*patented wattle in 2002, the retail

23  sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

## SIXTH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles
### in a movie at their earth-savers.com Web site on the Internet in 2002

27    6.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

28  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in a movie at their Web site on

the Internet in 2002, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2002, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle in 2002, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

## SEVENTH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles
### in a movie at their ricewattles.com Web site on the Internet in 2002

7.     Defendants, jointly and severally, "Shall be fined not more than $500 for every such offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in a movie at their ricewattles.com Web site on the Internet in 2002, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2002, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle in 2002, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

///

///

1

### EIGHTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**

2        **By All Defendants falsely advertising wattles in *Erosion Control* magazines in 2002**

3        8.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

4   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Erosion Control* magazines

5   in 2002, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use

6   of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated by determining

7   the net profits that defendants earned by committing *every* such offense.  Accordingly, plaintiff asks that

8   the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement

9   by defendants, to plaintiff and the people of the United States of America, of all income illegally earned

10  on defendants' sales of its falsely advertised *un*patented wattles in 2002, less costs of manufacturing and

11  falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them

12  to the United States and other taxing authorities.  To the extent that every offense is measured by every

13  sale of every such falsely advertised *un*patented wattle in 2002, the retail sale price of which was under

14  $500, such fine will be *less than $500* for *every* such offense.

15

### NINTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**

16       **By All Defendants falsely advertising wattles in**

**International Erosion Control Association's *Membership Directory* in 2002**

17

18       9.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

19  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in International Erosion Control

20  Association's *Membership Directory* in 2002, "in which event one half shall go to the person suing

21  [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be

22  imposed should be calculated by determining the net profits that defendants earned by committing *every*

23  such offense.  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

24  such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

25  States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

26  wattles in 2002, less costs of manufacturing and falsely advertising them, and less all applicable taxes

27  due and paid, or still owed, by defendants on them to the United States and other taxing authorities.  To

28  the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

1   in 2002, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

2   offense.

### TENTH CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in *Land and Water* magazines in 2002**

5   10.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

6   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Land and Water* magazines

7   in 2002, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use

8   of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining

9   the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that

10  the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement

11  by defendants, to plaintiff and the people of the United States of America, of all income illegally earned

12  on defendants' sales of its falsely advertised *un*patented wattles in 2002, less costs of manufacturing and

13  falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them

14  to the United States and other taxing authorities. To the extent that every offense is measured by every

15  sale of every such falsely advertised *un*patented wattle in 2002, the retail sale price of which was under

16  $500, such fine will be *less than $500* for *every* such offense.

### ELEVENTH CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in *Stormwater* magazines in 2002**

19  11.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

20  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Stormwater* magazines in

21  2002, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use

22  of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining

23  the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that

24  the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement

25  by defendants, to plaintiff and the people of the United States of America, of all income illegally earned

26  on defendants' sales of its falsely advertised *un*patented wattles in 2002, less costs of manufacturing and

27  falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them

28  to the United States and other taxing authorities. To the extent that every offense is measured by every

1    sale of every such falsely advertised *un*patented wattle in 2002, the retail sale price of which was under

2    $500, such fine will be *less than $500* for *every* such offense.

## 2003

### TWELFTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely marking/labeling their wattles in 2003**

8       12.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

9    offense" (35 U.S.C. § 292(a)) of falsely marking *un*patented wattles in 2003, "in which event one half

10    shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C.

11    § 292(b)).  The fine to be imposed should be calculated by determining the net profits that defendants

12    earned by committing *every* such offense.  Accordingly, plaintiff asks that the fine be limited to a sum

13    that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff

14    and the people of the United States of America, of all income illegally earned on defendants' sales of

15    its falsely marked *un*patented wattles in 2003, less costs of manufacturing and falsely marking them, and

16    less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other

17    taxing authorities.  To the extent that every offense is measured by every sale of every such falsely

18    marked *un*patented wattle in 2003, the retail sale price of which was under $500, such fine will be *less*

19    *than $500* for *every* such offense.

### THIRTEENTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles on**
**the home page of their earth-savers.com Web site on the Internet in 2003**

22       13.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

23    offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles on the home page of their earth-

24    savers.com Web site on the Internet in 2003, "in which event one half shall go to the person suing

25    [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be

26    imposed should be calculated by determining the net profits that defendants earned by committing *every*

27    such offense.  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

1   such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

2   States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

3   wattles in 2003, less costs of manufacturing and falsely advertising them, and less all applicable taxes

4   due and paid, or still owed, by defendants on them to the United States and other taxing authorities.  To

5   the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

6   in 2003, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

7   offense.

### FOURTEENTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles on**
**the home page of their ricewattles.com Web site on the Internet in 2003**

10      14.     Defendants, jointly and severally, "Shall be fined not more than $500 for every such

11   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles on the home page of their

12   ricewattles.com Web site on the Internet in 2003, "in which event one half shall go to the person suing

13   [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be

14   imposed should be calculated by determining the net profits that defendants earned by committing *every*

15   such offense.  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

16   such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

17   States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

18   wattles in 2003, less costs of manufacturing and falsely advertising them, and less all applicable taxes

19   due and paid, or still owed, by defendants on them to the United States and other taxing authorities.  To

20   the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

21   in 2003, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

22   offense.

### FIFTEENTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles in**
**their earth-savers.com Web site on the Internet in 2003**

26      15.     Defendants, jointly and severally, "Shall be fined not more than $500 for every such

27   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in their earth-savers.com Web

28   site on the Internet in 2003, "in which event one half shall go to the person suing [namely plaintiff] and

---

1  the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be

2  calculated by determining the net profits that defendants earned by committing *every* such offense.

3  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in

4  effect results in a disgorgement by defendants, to plaintiff and the people of the United States of

5  America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles

6  in 2003, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and

7  paid, or still owed, by defendants on them to the United States and other taxing authorities.  To the

8  extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

9  in 2003, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

10 offense.

## SIXTEENTH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles in
### their ricewattles.com Web site on the Internet in 2003

16.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in their ricewattles.com Web site

on the Internet in 2003, "in which event one half shall go to the person suing [namely plaintiff] and the

other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated

by determining the net profits that defendants earned by committing *every* such offense.  Accordingly,

plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results

in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all

income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2003, less

costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still

owed, by defendants on them to the United States and other taxing authorities.  To the extent that every

offense is measured by every sale of every such falsely advertised *un*patented wattle in 2003, the retail

sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

## SEVENTEENTH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles
### in a movie at their earth-savers.com Web site on the Internet in 2003

17.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in a movie at their earth-savers.com Web site on the Internet in 2003, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2003, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle in 2003, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

## EIGHTEENTH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles
### in a movie at their ricewattles.com Web site on the Internet in 2003

18.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in a movie at their ricewattles.com Web site on the Internet in 2003, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2003, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle in 2003, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

## NINETEENTH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in *Erosion Control* magazines in 2003**

19.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Erosion Control* magazines in 2003, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2003, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle in 2003, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

## TWENTIETH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in
International Erosion Control Association's *Membership Directory* in 2003**

20.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in International Erosion Control Association's *Membership Directory* in 2003, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2003, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

1  in 2003, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

2  offense.

### TWENTY FIRST CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles in *Land and Water* magazines in 2003**

5  21.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

6  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Land and Water* magazines

7  in 2003, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use

8  of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated by determining

9  the net profits that defendants earned by committing *every* such offense.  Accordingly, plaintiff asks that

10  the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement

11  by defendants, to plaintiff and the people of the United States of America, of all income illegally earned

12  on defendants' sales of its falsely advertised *un*patented wattles in 2003, less costs of manufacturing and

13  falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them

14  to the United States and other taxing authorities.  To the extent that every offense is measured by every

15  sale of every such falsely advertised *un*patented wattle in 2003, the retail sale price of which was under

16  $500, such fine will be *less than $500* for *every* such offense.

### TWENTY SECOND CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles in**
***Soil Erosion & Hydroseeding* magazines in 2003**

22.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Soil Erosion & Hydroseeding*

magazines in 2003, "in which event one half shall go to the person suing [namely plaintiff] and the other

to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated by

determining the net profits that defendants earned by committing *every* such offense.  Accordingly,

plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results

in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all

income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2003, less

costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still

1   owed, by defendants on them to the United States and other taxing authorities.  To the extent that every

2   offense is measured by every sale of every such falsely advertised *un*patented wattle in 2003, the retail

3   sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

### TWENTY THIRD CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in *Stormwater* magazines in 2003**

6       23.   Defendants, jointly and severally, "Shall be fined not more than $500 for every such

7   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Stormwater* magazines in

8   2003, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use

9   of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated by determining

10  the net profits that defendants earned by committing *every* such offense.  Accordingly, plaintiff asks that

11  the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement

12  by defendants, to plaintiff and the people of the United States of America, of all income illegally earned

13  on defendants' sales of its falsely advertised *un*patented wattles in 2003, less costs of manufacturing and

14  falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them

15  to the United States and other taxing authorities.  To the extent that every offense is measured by every

16  sale of every such falsely advertised *un*patented wattle in 2003, the retail sale price of which was under

17  $500, such fine will be *less than $500* for *every* such offense.

## 2004

### TWENTY FOURTH CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
**By All Defendants falsely marking/labeling their wattles in 2004**

23      24.   Defendants, jointly and severally, "Shall be fined not more than $500 for every such

24  offense" (35 U.S.C. § 292(a)) of falsely marking *un*patented wattles in 2004, "in which event one half

25  shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C.

26  § 292(b)).  The fine to be imposed should be calculated by determining the net profits that defendants

27  earned by committing *every* such offense.  Accordingly, plaintiff asks that the fine be limited to a sum

28  that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff

1  and the people of the United States of America, of all income illegally earned on defendants' sales of

2  its falsely marked *un*patented wattles in 2004, less costs of manufacturing and falsely marking them, and

3  less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other

4  taxing authorities.   To the extent that every offense is measured by every sale of every such falsely

5  marked *un*patented wattle in 2004, the retail sale price of which was under $500, such fine will be *less*

6  *than $500* for *every* such offense.

7  ### TWENTY FIFTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**

8  **By All Defendants falsely advertising wattles on**
**the home page of their earth-savers.com Web site on the Internet in 2004**

9

10  25.   Defendants, jointly and severally, "Shall be fined not more than $500 for every such

11  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles on the home page of their earth-

12  savers.com Web site on the Internet in 2004, "in which event one half shall go to the person suing

13  [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).   The fine to be

14  imposed should be calculated by determining the net profits that defendants earned by committing *every*

15  such offense.   Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

16  such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

17  States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

18  wattles in 2004, less costs of manufacturing and falsely advertising them, and less all applicable taxes

19  due and paid, or still owed, by defendants on them to the United States and other taxing authorities.   To

20  the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

21  in 2004, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

22  offense.

23  ### TWENTY SIXTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**

24  **By All Defendants falsely advertising wattles on**
**the home page of their ricewattles.com Web site on the Internet in 2004**

25  26.   Defendants, jointly and severally, "Shall be fined not more than $500 for every such

26  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles on the home page of their

27  ricewattles.com Web site on the Internet in 2004, "in which event one half shall go to the person suing

28  [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).   The fine to be

imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2004, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle in 2004, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

**TWENTY SEVENTH CLAIM FOR RELIEF**
Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in
their earth-savers.com Web site on the Internet in 2004**

27.   Defendants, jointly and severally, "Shall be fined not more than $500 for every such offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in their earth-savers.com Web site on the Internet in 2004, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2004, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle in 2004, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

**TWENTY EIGHTH CLAIM FOR RELIEF**
Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in
their ricewattles.com Web site on the Internet in 2004**

28.   Defendants, jointly and severally, "Shall be fined not more than $500 for every such

1   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in their ricewattles.com Web site

2   on the Internet in 2004, "in which event one half shall go to the person suing [namely plaintiff] and the

3   other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated

4   by determining the net profits that defendants earned by committing *every* such offense. Accordingly,

5   plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results

6   in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all

7   income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2004, less

8   costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still

9   owed, by defendants on them to the United States and other taxing authorities. To the extent that every

10  offense is measured by every sale of every such falsely advertised *un*patented wattle in 2004, the retail

11  sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

### TWENTY NINTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles**
**in a movie at their earth-savers.com Web site on the Internet in 2004**

12

13

14

15         29.   Defendants, jointly and severally, "Shall be fined not more than $500 for every such

16  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in a movie at their earth-

17  savers.com Web site on the Internet in 2004, "in which event one half shall go to the person suing

18  [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be

19  imposed should be calculated by determining the net profits that defendants earned by committing *every*

20  such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

21  such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

22  States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

23  wattles in 2004, less costs of manufacturing and falsely advertising them, and less all applicable taxes

24  due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To

25  the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

26  in 2004, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

27  offense.

///

28

---

## THIRTIETH CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles
### in a movie at their ricewattles.com Web site on the Internet in 2004

30.     Defendants, jointly and severally, "Shall be fined not more than $500 for every such offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in a movie at their ricewattles.com Web site on the Internet in 2004, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense.  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2004, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities.  To the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle in 2004, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

## THIRTY FIRST CLAIM FOR RELIEF
### Violation of 35 U.S.C. § 292
### By All Defendants falsely advertising wattles in *Erosion Control* magazines in 2004

31.     Defendants, jointly and severally, "Shall be fined not more than $500 for every such offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Erosion Control* magazines in 2004, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense.  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2004, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities.  To the extent that every offense is measured by every

1  sale of every such falsely advertised *un*patented wattle in 2004, the retail sale price of which was under

2  $500, such fine will be *less than $500* for *every* such offense.

### THIRTY SECOND CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
#### By All Defendants falsely advertising wattles in
#### International Erosion Control Association's *News To Use* magazines in 2004

6      32.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in International Erosion Control

Association's *News To Use* magazines in 2004, "in which event one half shall go to the person suing

[namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be

imposed should be calculated by determining the net profits that defendants earned by committing *every*

such offense.  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

wattles in 2004, less costs of manufacturing and falsely advertising them, and less all applicable taxes

due and paid, or still owed, by defendants on them to the United States and other taxing authorities.  To

the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

in 2004, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

offense.

### THIRTY THIRD CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
#### By All Defendants falsely advertising wattles in
#### International Erosion Control Association Web site's
#### list of "2005 annual conference exhibitors" in 2004

22      33.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in International Erosion Control

Association Web site's list of "2005 annual conference exhibitors" in 2004, "in which event one half

shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C.

§ 292(b)).  The fine to be imposed should be calculated by determining the net profits that defendants

earned by committing *every* such offense.  Accordingly, plaintiff asks that the fine be limited to a sum

that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff

1  and the people of the United States of America, of all income illegally earned on defendants' sales of

2  its falsely advertised *un*patented wattles in 2004, less costs of manufacturing and falsely advertising

3  them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United

4  States and other taxing authorities. To the extent that every offense is measured by every sale of every

5  such falsely advertised *un*patented wattle in 2004, the retail sale price of which was under $500, such

6  fine will be *less than $500* for *every* such offense.

### THIRTY FOURTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles in**
**International Erosion Control Association's *Membership Directory* in 2004**

10       34.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in International Erosion Control

Association's *Membership Directory* in 2004, "in which event one half shall go to the person suing

[namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be

imposed should be calculated by determining the net profits that defendants earned by committing *every*

such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

wattles in 2004, less costs of manufacturing and falsely advertising them, and less all applicable taxes

due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To

the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

in 2004, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

offense.

### THIRTY FIFTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles in *Land and Water* magazines in 2004**

25       35.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Land and Water* magazines

in 2004, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use

of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining

1   the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that

2   the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement

3   by defendants, to plaintiff and the people of the United States of America, of all income illegally earned

4   on defendants' sales of its falsely advertised *un*patented wattles in 2004, less costs of manufacturing and

5   falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them

6   to the United States and other taxing authorities. To the extent that every offense is measured by every

7   sale of every such falsely advertised *un*patented wattle in 2004, the retail sale price of which was under

8   $500, such fine will be *less than $500* for *every* such offense.

9                   **THIRTY SIXTH CLAIM FOR RELIEF**
                     Violation of 35 U.S.C. § 292

10   **By All Defendants falsely advertising wattles in *Reclamation Matters* magazines in 2004**

11       36.     Defendants, jointly and severally, "Shall be fined not more than $500 for every such

12   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Reclamation Matters*

13   magazines in 2004, "in which event one half shall go to the person suing [namely plaintiff] and the other

14   to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by

15   determining the net profits that defendants earned by committing *every* such offense. Accordingly,

16   plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results

17   in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all

18   income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2004, less

19   costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still

20   owed, by defendants on them to the United States and other taxing authorities. To the extent that every

21   offense is measured by every sale of every such falsely advertised *un*patented wattle in 2004, the retail

22   sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

23                 **THIRTY SEVENTH CLAIM FOR RELIEF**
                     Violation of 35 U.S.C. § 292

24          **By All Defendants falsely advertising wattles in**
          ***Soil Erosion & Hydroseeding* magazines in 2004**

25

26       37.     Defendants, jointly and severally, "Shall be fined not more than $500 for every such

27   offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Soil Erosion & Hydroseeding*

28   magazines in 2004, "in which event one half shall go to the person suing [namely plaintiff] and the other

1    to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by

2    determining the net profits that defendants earned by committing *every* such offense. Accordingly,

3    plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results

4    in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all

5    income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2004, less

6    costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still

7    owed, by defendants on them to the United States and other taxing authorities. To the extent that every

8    offense is measured by every sale of every such falsely advertised *un*patented wattle in 2004, the retail

9    sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

### THIRTY EIGHTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles in *Stormwater* magazines in 2004**

12        38.      Defendants, jointly and severally, "Shall be fined not more than $500 for every such

13    offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in *Stormwater* magazines in

14    2004, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use

15    of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be calculated by determining

16    the net profits that defendants earned by committing *every* such offense. Accordingly, plaintiff asks that

17    the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement

18    by defendants, to plaintiff and the people of the United States of America, of all income illegally earned

19    on defendants' sales of its falsely advertised *un*patented wattles in 2004, less costs of manufacturing and

20    falsely advertising them, and less all applicable taxes due and paid, or still owed, by defendants on them

21    to the United States and other taxing authorities. To the extent that every offense is measured by every

22    sale of every such falsely advertised *un*patented wattle in 2004, the retail sale price of which was under

23    $500, such fine will be *less than $500* for *every* such offense.

24    ///

25    ///

26    ///

27    ///

28

## 2005

### THIRTY NINTH CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
#### By All Defendants falsely marking/labeling their wattles in 2005

39.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such offense" (35 U.S.C. § 292(a)) of falsely marking *un*patented wattles in 2005, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense.  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely marked *un*patented wattles in 2005, less costs of manufacturing and falsely marking them, and less all applicable taxes due and paid, or still owed, by defendants on them to the United States and other taxing authorities.  To the extent that every offense is measured by every sale of every such falsely marked *un*patented wattle in 2005, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

### FORTIETH CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
#### By All Defendants falsely advertising wattles on
#### the home page of their earth-savers.com Web site on the Internet in 2005

40.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles on the home page of their earth-savers.com Web site on the Internet in 2005, "in which event one half shall go to the person suing [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated by determining the net profits that defendants earned by committing *every* such offense.  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2005, less costs of manufacturing and falsely advertising them, and less all applicable taxes

1  due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To

2  the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

3  in 2005, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

4  offense.

5  ### FORTY FIRST CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
6  **By All Defendants falsely advertising wattles on**
**the home page of their ricewattles.com Web site on the Internet in 2005**
7

8  41.   Defendants, jointly and severally, "Shall be fined not more than $500 for every such

9  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles on the home page of their

10  ricewattles.com Web site on the Internet in 2005, "in which event one half shall go to the person suing

11  [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be

12  imposed should be calculated by determining the net profits that defendants earned by committing *every*

13  such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

14  such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

15  States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

16  wattles in 2005, less costs of manufacturing and falsely advertising them, and less all applicable taxes

17  due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To

18  the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

19  in 2005, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

20  offense.

21  ### FORTY SECOND CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles in**
22  **their earth-savers.com Web site on the Internet in 2005**

23  42.   Defendants, jointly and severally, "Shall be fined not more than $500 for every such

24  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in their earth-savers.com Web

25  site on the Internet in 2005, "in which event one half shall go to the person suing [namely plaintiff] and

26  the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be imposed should be

27  calculated by determining the net profits that defendants earned by committing *every* such offense.

28  Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in

1  effect results in a disgorgement by defendants, to plaintiff and the people of the United States of

2  America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented wattles

3  in 2005, less costs of manufacturing and falsely advertising them, and less all applicable taxes due and

4  paid, or still owed, by defendants on them to the United States and other taxing authorities.  To the

5  extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

6  in 2005, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

7  offense.

### FORTY THIRD CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles in**
**their ricewattles.com Web site on the Internet in 2005**

11  43.     Defendants, jointly and severally, "Shall be fined not more than $500 for every such

12  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in their ricewattles.com Web site

13  on the Internet in 2005, "in which event one half shall go to the person suing [namely plaintiff] and the

14  other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be imposed should be calculated

15  by determining the net profits that defendants earned by committing *every* such offense.  Accordingly,

16  plaintiff asks that the fine be limited to a sum that, when applied to *every* such offense, in effect results

17  in a disgorgement by defendants, to plaintiff and the people of the United States of America, of all

18  income illegally earned on defendants' sales of its falsely advertised *un*patented wattles in 2005, less

19  costs of manufacturing and falsely advertising them, and less all applicable taxes due and paid, or still

20  owed, by defendants on them to the United States and other taxing authorities.  To the extent that every

21  offense is measured by every sale of every such falsely advertised *un*patented wattle in 2005, the retail

22  sale price of which was under $500, such fine will be *less than $500* for *every* such offense.

### FORTY FOURTH CLAIM FOR RELIEF
**Violation of 35 U.S.C. § 292**
**By All Defendants falsely advertising wattles**
**in a movie at their earth-savers.com Web site on the Internet in 2005**

25  44.     Defendants, jointly and severally, "Shall be fined not more than $500 for every such

26  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in a movie at their earth-

27  savers.com Web site on the Internet in 2005, "in which event one half shall go to the person suing

28  [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)).  The fine to be

1  imposed should be calculated by determining the net profits that defendants earned by committing *every*

2  such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

3  such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

4  States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

5  wattles in 2005, less costs of manufacturing and falsely advertising them, and less all applicable taxes

6  due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To

7  the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

8  in 2005, the retail sale price of which was under $500, such fine will be *less than $500* for *every* such

9  offense.

### FORTY FIFTH CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles
in a movie at their ricewattles.com Web site on the Internet in 2005**

12  45.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such

13  offense" (35 U.S.C. § 292(a)) of falsely advertising *un*patented wattles in a movie at their

14  ricewattles.com Web site on the Internet in 2005, "in which event one half shall go to the person suing

15  [namely plaintiff] and the other to the use of the United States" (35 U.S.C. § 292(b)). The fine to be

16  imposed should be calculated by determining the net profits that defendants earned by committing *every*

17  such offense. Accordingly, plaintiff asks that the fine be limited to a sum that, when applied to *every*

18  such offense, in effect results in a disgorgement by defendants, to plaintiff and the people of the United

19  States of America, of all income illegally earned on defendants' sales of its falsely advertised *un*patented

20  wattles in 2005, less costs of manufacturing and falsely advertising them, and less all applicable taxes

21  due and paid, or still owed, by defendants on them to the United States and other taxing authorities. To

22  the extent that every offense is measured by every sale of every such falsely advertised *un*patented wattle

23  in 2005, the retail sale price of which was under $500, such fine will be *less than $500* for *every*

24  offense.

### FORTY SIXTH CLAIM FOR RELIEF
#### Violation of 35 U.S.C. § 292
**By All Defendants falsely advertising wattles in *Erosion Control* magazines in 2005**

28  46.    Defendants, jointly and severally, "Shall be fined not more than $500 for every such