UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHERRYN HAYNES, an individual doing business as "CALIFORNIA STRAW WORKS,"

    Plaintiff,

v.

R. H. DYCK, INC., a California corporation doing business as "R. H. DYCK, INC.," et al.,

    Defendants.

No. 2:06-CV-02944-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Before the Court is the Estate of Sherryn Haynes' ("the Estate") Motion to Substitute for Plaintiff Sherryn Haynes ("Plaintiff"). Defendants oppose the proposed substitution arguing that the Estate is not a proper party for substitution and that Plaintiff's claims were extinguished by her death.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

For the reasons set forth below, the Court finds substitution to be proper and, hereby, GRANTS the Motion to Substitute.

## **BACKGROUND**

Plaintiff commenced this action in December of 2006. Plaintiff's Complaint alleges Defendants committed numerous violations of 35 U.S.C. § 292.  The complaint seeks recovery of statutory fines, costs of suit, and interest.  On July 6, 2007, Plaintiff passed away.  Plaintiff's attorneys filed a suggestion of death and moved to substitute the Estate as the Plaintiff in this action within 90 days, as required by Federal Rule of Civil Procedure 25.[2]

Defendants oppose this substitution arguing that the Estate is not a proper party and that Plaintiff's claims do not survive her death because they are claims for penalties and not damages.

## **ANALYSIS**

Rule 25(a)(1) states that if "a party dies and the claims [are] not thereby extinguished, the court may order substitution of the proper parties."  Fed. R. Civ. P. 25(a)(1).  The foregoing Rule raises two issues in the present action.  The first is whether the Estate of Sherryn Haynes is a proper party for purposes of substitution.  The second is whether the claims brought by Ms. Haynes under section 292 survive her death.

---

[2] All references to the "Rules" hereinafter shall mean the Federal Rules of Civil Procedure.

1. **Proper Party Requirement**

Defendants argue that based on California case law, the Estate is not a proper party under Rule 25(a)(1). This Court does not find the cases cited by Defendants persuasive. The question before this Court is whether the Estate can now pursue claims that Plaintiff filed prior to her death. In *Tanner v. Estate of Best*, the plaintiff brought an action to quiet title against the estate of a decedent. That case decided whether an action could be brought *against* an estate *after* the decedent's death, not whether an estate can pursue an action filed by the decedent prior to the decedent's death. 40 Cal. App. 2d 442, 445 (1940). *Bright's Estate v. Western Air Lines* involved an action commenced by the estate after the decedent's death, not substitution in a case brought by the decedent prior to his death. 104 Cal. App. 2d 827, 828 (1951). Further, under California law cited by Defendants, an estate is "a sum total of assets and liabilities of a decedent, or of an incompetent, or of a bankrupt." Because Plaintiff may have stood to gain from this lawsuit, the lawsuit is an asset of the Estate.

Additionally, the Third Circuit has found that the Advisory Committee Notes to Rule 25 provide for the "substitution of the estate for the deceased." *McKenna v. Pacific Rail Service*, 32 F.3d 820, 836 (3rd Cir. 1994) (citing 1963 Advisory Committee Notes to Rule 25). In addition, the Ninth Circuit has, in dicta, suggested that the substitution of an estate would be proper. *See Barlow v. Ground*, 39 F.3d 231, 232 (9th Cir. 1994).

///

3

Although perhaps it may have been more prudent to substitute the representatives of the Estate rather than the Estate itself, absent clear law on the issue, this Court finds insufficient grounds to deny the motion based solely on Defendants' argument that the Motion for Substitution names the Estate as the party to be substituted.

**2.   Survival of Cause of Action**

Rule 25(a)(1) provides that if "a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). Therefore, before a party can substitute a new party pursuant to Rule 25(a)(1), the Court must establish that the substantive law controlling the suit permits survival of the cause of action. If the cause of action does not survive the death of a party, there can be no substitution. Plaintiff's claims under 35 U.S.C. § 292 are federal claims. Accordingly, federal substantive law determines whether these claims survive Plaintiff's death and Defendants' reliance on California law is misplaced. This Court finds no case law determining whether a claim under section 292 survives the death of the party bringing the action.

"It is a well-settled rule that actions upon penal statutes do not survive the death of a party." *Reiserer v. U.S.*, 479 F.3d 1160, 1162 (9th Cir. 2007). Defendants rely heavily on *U.S. v. Edwards*, for the proposition that an action for a penalty does not survive the defendant's death where the penalty is paid to the government. 667 F. Supp. 1204 (W.D. Tenn. 1987).

4

This Court rejects Defendants' analysis under *Edwards* for two reasons. First, *Edwards* relied on *Murphy v. Household Fin. Corp.*, 560 F.2d 206 (6th Cir. 1977). The Ninth Circuit has rejected the analysis under *Murphy* in favor of the analysis announced in *Hudson v. U.S.*, 522 U.S. 93 (1997). *Reiserer*, 479 F.3d at 1164-65. Second, *Edwards* involved a case where the government sought to enforce a penalty against a deceased defendant. This Court finds that the analysis is not analogous where, as here, the party to be substituted is seeking to enforce the penalty, not the party against whom the penalty is to be enforced.

In *Reiserer*, the Ninth Circuit looked to the legislative intent behind the statute in question, the nature of the penalty, whether scienter was required, and the remedial goal of the statute in question. 479 F.3d at 1163-64. Section 292 provides that a fine of not more than $500 can be assessed against whoever falsely marks a patent with the intent of deceiving the public. Any person may sue for the penalty, and one-half goes to the plaintiff and the other half to the United States. The 1952 Revision Notes to section 292 state that it is a criminal provision, however, the Federal Circuit has found that "[t]he statute supplies a civil fine for false marking of articles." *Clontech Labs., Inc., v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (citing *Arcadia Mach. & Tool Inc., v. Strum, Ruger & Co., Inc.*, 786 F.2d 1124, 1125 (Fed. Cir. 1986)).

///
///
///

1 Further,

2     [i]t is well settled that section 292 was intended to
3     protect a patentee against the fraudulent us of his
    name or device and to prevent, for the purpose of
    deceiving the public, the use in advertising in
4     connection with any article, words imparting that an
    application for patent had been made when no
5     application had been made or if made, is not pending.

6 *Accent Designs Inc., v. Jan Jewelry Designs, Inc.*, 827 F.Supp.
7 957, 969 (S.D.N.Y. 1993) (citing *Lase Co., v. Wein Prod., Inc.*,
8 357 F.Supp. 210, 213 (N.D.Ill. 1973)).

9     As to the nature of the penalty, section 292 is similar to
10 the Internal Revenue Code at issue in *Reiserer* as both sections
11 "involve only monetary penalties, and no 'affirmative disability
12 or restraint' and 'certainly nothing approaching the infamous
13 punishment of imprisonment.'" 479 F.3d at 1163 (citing *Hudson*,
14 522 U.S. at 104). According to *Reiserer*, monetary penalties are
15 not typically regarded as punishment. *Id*. at 1163-64.

16     In *Reiserer*, the statute in question required that the
17 conduct penalized was committed knowingly. *Id*. at 1164. Here,
18 section 292 requires that the false marking be done either with
19 the intent to counterfeit or with the intent to deceive the
20 public. Finally, the court in *Reiserer* found that the penalties
21 involved in that case served the remedial goal of reimbursing the
22 government for the costs in investigating tax fraud and that the
23 penalties were not excessive in relation to that remedial goal.
24 *Id*. Those statutes each involved a $1,000 penalty per violation.
25 26 U.S.C. §§ 6700, 6701. Despite the fact that these statutes
26 also served the ends of retribution and deterrence to some
27 extent, the court found that these were civil penalties that did
28 not abate upon the death of the defendant.

*Reiserer*, 479 F.3d at 1164.  Here, section 292 provides a penalty of $500 per offense.  One-half of the penalty goes to the person who sues and the other half to the United States.  This Court finds that the penalty, and the division thereof, provides an incentive to private parties to prosecute false marking, thus alleviating the government's need to pursue such actions.  Further, the penalties are not excessive in relation to this remedial goal.  Accordingly, this Court finds that claims brought under section 292 are not extinguished upon the death of the party and, therefore, are appropriate claims for substitution of parties under Rule 25(a)(1).

Further, the Court notes that the distinction between penalties and remedial actions is not clearly applicable in a case such as this where the plaintiff is the deceased party and not the defendant.  The general rule is that actions for penalties do not survive the death of the defendant because a deceased defendant is beyond punishment.  On the other hand, actions to recompense or compensate a plaintiff do survive the death of the defendant because his estate should compensate for the injury caused by the defendant.  *Bracken v. Harris & Zide, L.L.P.,* 219 F.R.D. 481, 483 (N.D.Cal. 2004) (quoting *Derdiarian v. Futterman Corp.*, 223 F.Supp. 265, 296 (S.D.N.Y. 1963)).  In a case such as this, where the plaintiff passes away during the course of the action and his estate moves to substitute in his place to continue to pursue the action, the distinction between penalties and remedial actions simply does not apply.

///

///

**CONCLUSION**

Based on the foregoing, it is hereby ordered that the Estate of Sherryn Haynes shall be substituted as the plaintiff in this action.

IT IS SO ORDERED.

Dated: October 12, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE