UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHERRYN HAYNES, an individual doing business as "CALIFORNIA STRAW WORKS,"

Plaintiff,

v.

R. H. DYCK, INC., a California corporation doing business as "R. H. DYCK, INC.," et al.,

Defendants.

No. 2:06-CV-02944-MCE-EFB

MEMORANDUM AND ORDER

Before the Court is the Estate of Sherryn Haynes' ("Plaintiff") Motion to Strike Defendants' Substitution of Attorney.[1]  Sherryn Haynes commenced this action in December of 2006.  The Complaint alleges that R.H. Dyck, Inc. and other named defendants ("Defendants") committed numerous violations of 35 U.S.C. § 292.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

The Complaint seeks recovery of statutory fines, costs of suit, and interest. On July 6, 2007, Ms. Haynes passed away. The current Plaintiff, Ms. Haynes' Estate, was substituted into this action pursuant to Federal Rule of Civil Procedure 25.

During the pendency of Plaintiff's motion to substitute, Defendants entered a Substitution of Attorney which this Court approved. Plaintiff now requests an order striking the Substitution of Attorney and rescinding this Court's order approving said substitution. Although captioned as a motion to strike,[2] Plaintiff's papers truly call for the disqualification of Defendants' recently substituted counsel. For the reasons set forth below, the Court finds disqualification improper and hereby DENIES the Motion to Strike.

## BACKGROUND

This case is but another chapter in the hotly contested saga that began with a state court action between these parties filed in 2002. By way of this motion, Plaintiff moves to disqualify Defendants' recently substituted counsel pursuant to the advocate-witness rule. In the Complaint, Plaintiff alleges sixty-six (66) violations of 35 U.S.C. § 292, the false marking of a patent with the intent to deceive the public.

///

---

[2] The Federal Rules of Civil Procedure only provide for a motion to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff's motion falls into none of these categories.

2

As part of its case, Plaintiff wishes to prove that Defendants were on notice that they were falsely marking their rice wattles, a product for which Ms. Haynes allegedly held a patent.

In 2002, the Defendants in this action sued the Plaintiffs in state court alleging claims for unfair competition and unfair business practices under California law. As part of that action, the Plaintiffs in this action served upon the current Defendants requests for admissions. By way of example, Plaintiff requested admissions that Defendants were falsely advertising to the public that they invented patented wattles, that Defendants never owned any patent of a wattle, and that a patent held by Defendants did not apply to a wattle.[3] Defendants' recently substituted counsel, Glenn Peterson, was their counsel of record in the state court action and the affidavits of service attached to those discovery requests indicate that they were served on Mr. Peterson. Defendants did not respond to this discovery and the case was voluntarily dismissed.

**ANALYSIS**

The thrust of Plaintiff's argument is that because the above-referenced discovery requests were served upon Mr. Peterson, he will be required to testify as to whether he received those documents and as to whether or not he forwarded the documents to his clients.

---

[3] Although the issue has not been fully briefed before the Court, it appears the parties dispute whether a particular patent covers a process or the resulting product.

Through this testimony, Plaintiff believes it can prove Defendants intended to deceive the public by showing that Defendants received notice through Mr. Peterson of their illegal activities and continued such activities in callous disregard of the false marking statute. Plaintiff further argues that this testimony is not protected by the attorney-client privilege because the crime-fraud exception applies. The only crime or fraud put forth in this argument is the alleged violations of 35 U.S.C. § 292, which are the subject of this action.

Federal courts apply state law in determining the disqualification of an attorney. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000); *see also* Local Rule 83-180(e). California Rule of Professional Conduct 5-210 provides that an attorney shall not act as an advocate in a proceeding before a jury. The rule provides for several exceptions, one of which includes the informed written consent of the client. In the face of an informed written consent, a court should only disqualify an attorney where there is "a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process." *Lyle v. Superior Court*, 122 Cal. App. 3d 470, 482 (4th Dist. 1981). This rule does not apply to situations where a lawyer in the advocate's firm will testify. The comment to the rule states that it "is intended to apply to situations in which the [attorney] knows or should know that he or she ought to be called as a witness." Finally, Rule 5-210 only applies to testimony at trial and, by its own terms, does not apply to pretrial preparation of a case. *See Yee v. Ventus Capital Services*, 2006 WL 3050827, *1 (N.D. Cal. 2006).

4

1    Plaintiff's motion fails for several reasons.  First, the
2 motion is premature.  The trial in this matter is set for January
3 2009, more than a year in the future.  Because Rule 5-210 does
4 not apply to pretrial proceedings, Plaintiff cannot establish
5 that Mr. Peterson should be disqualified at this juncture.
6 Further, because Rule 5-210 does not apply to situations where
7 another attorney in the firm may be testifying, one of the other
8 recently substituted attorneys may be able to try the case.
9 Finally, Plaintiff has not shown that it will be necessary for
10 Mr. Peterson to testify, i.e., that he *ought* to testify, as
11 discussed in the comments to Rule 5-210.  The Court can imagine a
12 plethora of other ways to gather evidence that the Defendants
13 received the discovery requests at issue here.  Indeed,
14 Plaintiff's moving papers indicate that members of Mr. Peterson's
15 staff may be able to provide the testimony necessary.  Pursuant
16 to Rule 5-210, this would not require disqualification.  Here,
17 Defendants have given their informed consent to this
18 representation and this Court will not overturn their choice of
19 counsel where Plaintiff has failed to show actual detriment or
20 injury.
21    Finally, the Court notes that it will not address
22 Plaintiff's claim that the crime-fraud exception applies to this
23 case.  Plaintiff seeks an order vitiating the attorney-client
24 privilege as to the entire case, but Plaintiff has made no
25 showing to support such an order.  The Court finds that issues of
26 this nature are better dealt with as they arise in the discovery
27 process.
28 ///

5

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Strike Defendants' Substitution of Attorney is hereby DENIED.

IT IS SO ORDERED.

Dated: January 4, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE