IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTATE OF SHERRYN HAYNES,

      Plaintiff,

vs.

R.H. DYCK, INC., a California corporation doing business as "R.H. DYCK, INC.," et al.,

      Defendants.
                                         /

No. CIV S-06-2944 MCE EFB

On February 13, 2008, plaintiff filed a motion for a protective order, setting the matter for hearing on March 5, 2008. Hours later, plaintiff filed an *ex parte* application for an order shortening time in which to hear the motion for protective order. As set forth below, plaintiff's *ex parte* application for an order shortening time is denied.

Plaintiff seeks an order protecting it from responding to defendants' various discovery requests and interrogatories, on the basis that "discovery is premature" and that the district judge's pretrial scheduling order is not yet "final." Plaintiff seeks to shorten time because its responses to defendants' discovery are due February 26, 2008. Plaintiff argues that if its motion for protective order is not heard before its responses are due, then it will face waiver of objections and other possible consequences for failure to provide timely discovery responses.

////

What plaintiff fails to establish, however, is why discovery is 'premature," and why the pretrial scheduling order is not binding on it. That order, which was signed by the district judge on June 26, 2007, set April 14, 2008, as the discovery deadline. Although plaintiff objected to the order, the order was never vacated or modified and therefore remains in effect. Even had plaintiff filed a properly noticed motion to modify the scheduling order, the order would have remained in effect until it was vacated or modified by the district judge. Further, although it appears that the district judge issued a temporary, ninety-day stay in this case on July 20, 2007, that time period has expired and there was never any indication by the district judge that the stay in any way impacted the pretrial scheduling order.

Accordingly, the pretrial scheduling order remains in effect. Further, plaintiff's filing of an *ex parte* application for a protective order less than two weeks before its discovery responses are due does not constitute "good cause" for an order shortening time. *See* L.R. 6-444(e). Any urgency created by plaintiff's own inaction does not warrant an order specially setting this matter to be heard in less than a week's time. Accordingly, plaintiff's *ex parte* application for an order shortening time is denied.

Further, to the extent plaintiff wishes to modify the pretrial scheduling order, it must file a properly noticed motion for such relief before the district judge.

SO ORDERED.

DATED: February 14, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2