**DENNIS W. RICHARDSON, ESQ.**
California State Bar No. 87631
**GARY SCOTT DECKER, ESQ.**
California State Bar No. 074007
**RICHARDSON & DECKER**
Attorneys & Counselors at Law
1104 Corporate Way
Sacramento, CA 95831-3875
Telephone:  (916) 449-3909
Facsimile:  (916) 449-8251
E-Mail:  DWRichardsonlaw@aol.com
E-Mail:  RichDeckLaw@aol.com

**JOHN P. O'BANION, ESQ.**
California State Bar No. 99523
**STEVEN L. SMITH, ESQ.**
California State Bar No. 142982
**O'BANION & RITCHEY LLP**
400 Capitol Mall, Suite 1550
Sacramento, CA 95814
Telephone:  (916) 498-1010
Facsimile:  (916) 498-1074
E-Mail:  sls@intellectual.com

Attorneys for Plaintiff ESTATE OF SHERRYN HAYNES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SHERRYN HAYNES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>R. H. DYCK, INC., a California corporation doing business as "R. H. DYCK, INC.," *etc., et al.*,<br><br>　　　　Defendants. | Case No. 2:06-CV-02944-MCE-EFB<br><br>PLAINTIFF'S SETTLEMENT DEMAND<br>[Fed. Rules Evid. Rule 408(b)] |

**COMES NOW,** Plaintiff ESTATE OF SHERRYN HAYNES, in light of the Court's continuance on its own motion of the trial date in this matter for thirteen (13) months, and to negate any contention of undue delay on Plaintiff's own part in accordance with Fed. Rules Evid. Rule 408(b), but without waiver or limitation of, or prejudice to, any of the provisions and/or evidentiary prohibitions of Fed. Rules Evid. Rule 408(a), hereby makes the following settlement demand upon Defendants, and each of them, as follows:

　　　　In exchange for a dismissal with prejudice of all causes of action against Defendants, and each of them, contained in Plaintiff's First Amended Complaint on file in the herein Case No. 2:06-CV-02944-MCE-EFB, each side to bear his, her, its and/or their own fees, costs and expenses, including but not limited to attorneys' and experts'/consultants' fees, costs and expenses, and all

1 | Court and investigative fees, costs and expenses, Defendants shall pay to Plaintiff the sum of TWO HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($250,000.00), payable within forty-five (45) days of the date of this settlement demand.

See, *Evonik Degussa Corp. v. Quality Carriers, Inc.* (S.D. Ala., December 13, 2007) 2007 U.S. Dist. LEXIS 91976 [2007 WL 4358260] (copy attached), *cited with favor* in *Chambers v. Cooney* (S.D. Ala. [S. Div.], January 23, 2008) 535 F.Supp.2d 1255, 1262 - 1263.

DATED: August 26, 2009.

Respectfully submitted,

RICHARDSON & DECKER

By: *[signature]*
DENNIS W. RICHARDSON, Esq. (Cal. State Bar No. 87631)
Attorneys for Plaintiff ESTATE OF SHERRYN HAYNES

---

PLAINTIFF'S SETTLEMENT DEMAND [Fed. Rules Evid. Rule 408(b)]    -2-

Get a Document - by Citation - 2007 U.S. Dist. LEXIS 91976 — Page 1 of 2

Case 2:06-cv-02944-MCE-EFB    Document 85    Filed 08/27/2009    Page 3 of 4

LexisNexis® Total Research System                Switch Client | Preferences | Sign Out | ? Help
My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector    History

FOCUS™ Terms [                    ]    Search Within Original Results (1 - 1)  [Go →]  Advanced...

Service: **Get by LEXSEE®**
Citation: **2007 U. S. Dist. LEXIS 91976**

2007 U.S. Dist. LEXIS 91976, *

EVONIK DEGUSSA CORP., Plaintiff, v. QUALITY CARRIERS, INC., Defendant.

CIVIL ACTION 07-0833-WS-B

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

2007 U.S. Dist. LEXIS 91976

December 13, 2007, Decided
December 13, 2007, Filed

**CORE TERMS:** confidential, settlement negotiations, stricken, characterizing, admissibility, disfavored, undertook, drastic

**COUNSEL:** [*1] For Evonik Degussa Corp., Plaintiff: Victor T. Hudson, II, William W. Watts, III, LEAD ATTORNEYS, Hudson and Watts, L.L.P., Mobile, AL.

For Quality Carriers, Inc., Defendant: Jeremy Patrick Taylor, LEAD ATTORNEY, Carr Allison, Daphne, AL; Thomas L. Oliver, II, LEAD ATTORNEY, Carr, Allison, Pugh, Oliver & Sisson, P.C., Birmingham, AL.

**JUDGES:** WILLIAM H. STEELE, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** WILLIAM H. STEELE

**OPINION**

**ORDER**

This matter comes before the Court on plaintiff Evonik Degussa Corp.'s Motion to Strike (doc. 13). In its Motion, plaintiff requests that Exhibits B and C to the Notice of Removal (doc. 1) filed by defendant Quality Carriers, Inc. be stricken from both the court file and "from any record in this case" because they constitute "confidential settlement negotiations." (Doc. 13.) Review of the exhibits in question reveals that they consist of two perfunctory communications (one by letter, one by email) between the parties concerning settlement demands and offers.

Plaintiff has identified no authority of any kind in support of its Motion to Strike. To be sure, Rule 408, Fed.R.Evid., generally renders settlement negotiations inadmissible "to prove liability for, invalidity of, or amount of a claim [*2] that was disputed as to validity or amount." *Id.* But the issue of the admissibility of Exhibits B and C is not before the Court; rather, the question presented by Evonik Degussa is whether those exhibits should be stricken from the court file in its entirety. Such requests are ordinarily governed by Rule 12(f), Fed.R.Civ.P., which authorizes district courts to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." *Id.* However, "[s]triking matter on Rule 12(f) grounds is a drastic, disfavored remedy." *English v. CSA Equipment Co.,* 2006 U.S. Dist. LEXIS 59718, 2006 WL 2456030, *2 n.5 (S.D. Ala. Aug. 21, 2006); see also *Stephens v. Trust for Public Land,* 479 F. Supp.2d 1341, 1346 (N.D. Ga. 2007) (noting that a motion to strike is a "drastic remedy" and that such motions "are rarely granted absent a showing of prejudice"); *BB In Technology Co. v. JAF, LLC,* 242 F.R.D. 632, 641 (S.D. Fla. 2007) (opining that Rule 12(f) motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"); *Carlson Corporation/Southeast v. School Bd. of Seminole County, Fla.,* 778 F. Supp. 518, 519 (M.D. Fla. 1991) [*3] (characterizing motions to strike as "time wasters" and observing that such motions "will usually be denied").

Plaintiff's Motion to Strike justifies the relief sought merely by designating those exhibits as "confidential settlement negotiations." However, neither of those communications is marked "confidential" and plaintiff has failed to demonstrate that it undertook any reasonable efforts to safeguard those discussions from dissemination to third parties. Simply characterizing a document as confidential, without more, does not make it so. Nor does it warrant the disfavored remedy of striking the document from the court file under Rule 12(f), particularly where (as here) there has been no showing that the movant undertook any efforts to preserve the confidentiality of that document at the time of its creation, no allegation (much less a showing) of prejudice, no legal analysis of any kind, and no showing that any of the Rule 12(f) considerations are satisfied.

Accordingly, and without abridging plaintiff's right to challenge admissibility of those exhibits in any motion to remand or other proceedings herein, the Motion to Strike (doc. 13) is **denied**.

DONE and ORDERED this 13th day of [*4] December, 2007.

s/ WILLIAM H. STEELE

Get a Document - by Citation - 2007 U.S. Dist. LEXIS 91976    Page 2 of 2

Case 2:06-cv-02944-MCE-EFB    Document 85    Filed 08/27/2009    Page 4 of 4

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **2007 U. S. Dist. LEXIS 91976**
View: **Full**
Date/Time: Wednesday, August 26, 2009 - 11:22 PM EDT

\* Signal Legend:

🔴 - Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
\* Click on any *Shepard's* signal to *Shepardize®* that case.

*My Lexis™* | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Switch Client | Preferences | Sign Out | Help

**LexisNexis**  About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.